UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


CSMI, LLC

     v.                               Case No. 24-cv-235-SM-TSM
                                        Opinion No. 2025 DNH 047

Intelagard, Inc.


O R D E R

Intelagard, Inc. filed a motion titled: "MOTION TO DISMISS FOR LACK OF PERSONAL AND/OR SUBJECT MATTER JURISDICTION." Doc. no. 20. Despite its title, the motion moves to dismiss CSMI, LLC's claims in this commercial contract dispute based on a forum selection clause and does not address either personal or subject matter jurisdiction. Nevertheless, "[f]ederal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when, as here, no party challenges it." Industria Lechera De P.R., Inc. v. Beiro, 989 F.3d 116, 120 (1st Cir. 2021) (internal quotation marks omitted).

In its complaint, CSMI, LLC invokes diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. no. 1. Federal district courts have subject matter jurisdiction under § 1332(a) in suits "between 'citizens of different States' whose dispute involves more than a stated sum (the so-called amount-in-controversy)." Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 26

(2025) (quoting § 1332(a)).  "Key to establishing diversity

jurisdiction are the citizenships of the parties before the

court."  BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 695

(1st Cir. 2023).  "[W]ith exceptions not relevant here, non-

corporate legal entities take the citizenship of all of their

members."  Id. at 696.  "It is therefore the members'

citizenships that are relevant for jurisdictional purposes, not

the principal place of business or the state of organization of

the entity."  Id.  The party invoking the court's jurisdiction

bears the burden of showing that jurisdiction exists.  Woo v.

Spackman, 988 F.3d 47, 53 (1st Cir. 2021).

    Plaintiff CSMI, LLC bears the burden of showing that

subject matter jurisdiction exists.  Id.  Because CSMI is a

limited liability company, its citizenship is determined by the

citizenship of its members.  In the complaint, however, for

purposes of identifying the parties, CSMI alleged only that it

"is organized and existing under the laws of Delaware with its

principal place of business at 14 Stiles Road, Suite 201, Salem,

New Hampshire 03079."  Doc. no. 1, ¶ 2.  That is insufficient to

establish subject matter jurisdiction under § 1332(a).  CSMI has

not met its burden to show that subject matter jurisdiction

exists in this court, and the case cannot proceed in the absence

of jurisdiction.

## Conclusion

For these reasons, CSMI, LLC shall file an amended complaint **within fourteen days of the date of this order** in which it alleges sufficient jurisdictional facts to demonstrate that diversity jurisdiction exists in this case (including the residency of each of its members).  Failure to file an amended complaint that properly alleges jurisdiction within the time allowed will result in dismissal of the case for lack of subject matter jurisdiction.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

April 1, 2025

cc:  Counsel of Record